Case 2:11-cr-00117   Document 84   Filed in TXSD on 03/08/17   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Cause No. 2:11-CR-117-1 |
| | § | (Cause No. 2:16-CV-239) |
| RANDY CHRIS GARZA, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A <u>CERTIFICATE OF APPEALABILITY</u>**

Randy Chris Garza (Garza) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255 along with a memorandum in support. D.E. 72. The government responded and moved for summary judgment. D.E. 79. Garza filed a reply. D.E. 81. Garza's motion is denied and he is also denied a certificate of appealability.

**I.   BACKGROUND**

Garza pleaded guilty to possession with intent to distribute 82.48 grams of cocaine. Although he qualified as a career offender with a sentencing guideline range of 151 to 188 months imprisonment, the Court sentenced him below the guidelines to 120 months imprisonment. D.E. 40. Judgment was entered on the docket on June 24, 2011. Garza did not appeal. Garza filed his present motion on June 17, 2016.

## II. MOVANT'S CLAIMS

Garza challenges the application of the Sentencing Guidelines career offender provisions based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). The government seeks enforcement of Garza's waiver of the right to file a § 2255 motion and further argues that he is not entitled to relief.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The

---

[1] The statute provides that the limitations period shall run from the latest of:

2

Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Garza's judgment became final on July 8, 2011, 14 days after judgment was entered on the docket. *See* Fed. R. App. P. 4(b)(1). He was required to file his motion to vacate no later than one year from that date, or on or before July 8, 2012. Garza's motion was filed no earlier than June 17, 2016, the day on which it is postmarked. *See* Rule 3(d), 2255 Rules. Unless an exception applies to the standard limitations period, Garza's motion is at least four years too late. Garza claims his motion is timely pursuant to § 2255(f)(3) because he filed within a year after *Johnson* was decided.

### C. *Johnson* Claim

Garza was sentenced as a career offender pursuant to § 4B1.1(b)(2).[2]

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of

---

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action,
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[2] The PSR calculated Garza's offense level based on drug quantity to be 15 after acceptance of responsibility and an actual criminal history category of IV. *See* D.E. 34, ¶¶ 14-21, 31. His sentencing guideline range would have been 30-37 months imprisonment.

3

>conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id*.

Garza was over 18 at the time of the offense and had a previous conviction for Use of a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) in the Southern District of Texas in 2002 and possession of a controlled substance with intent to deliver in Kleberg County, Texas in 2008. As a result of those convictions, he qualified as a career offender under the sentencing guidelines.

The *Johnson* court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague. Although Garza was sentenced below the career offender guidelines, this Court found that he qualified as a career offender pursuant to § 4B1.2(a)(2).

Subsection 4B1.2(a)(2) has a residual clause identical to the one held to be void for vagueness in *Johnson*. In *Beckles v. United States*, 2017 WL 855781 at *6 (March 6, 2017),[3] the Supreme Court held that the sentencing guidelines are not subject to a challenge for vagueness.

>Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

---

[3] Beckles was convicted of felon in possession pursuant to 18 U.S.C. § 922(g)(1). He qualified as a career offender under the sentencing guidelines.

*Id*. Garza's challenge is without merit.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Garza cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the United States' motion for summary judgment (D.E.79) is GRANTED. Garza's motion (D.E. 72, Cause No. 2:16-CV-239, D.E. 1) is **DENIED**. Additionally, Garza is **DENIED** a Certificate of Appealability.

It is so ORDERED this 8th day of March, 2017.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE